<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| G.R. HOMA, individually and on behalf of all others similarly situated, | : | Civil Action No.: 06-2985 (JAP) |
| Plaintiffs, | : | |
| v. | : | **MEMORANDUM OPINION AND ORDER** |
| AMERICAN EXPRESS CO., et al., | : | |
| Defendants. | : | |

<u>**ARPERT, U.S.M.J**</u>

**I.      INTRODUCTION**

This matter having come before the Court on a Motion by Defendants American Express Company ("AEC") and American Express Centurion Bank ("AECB") (collectively, "Defendants") to stay this proceeding pending the Supreme Court of the United States' ("Supreme Court") decision in *AT&T Mobility, LLC v. Concepcion*, No. 09-893 [dkt. entry no. 61], returnable September 20, 2010.  Plaintiff G.R. Homa ("Homa"), individually and on behalf of all others similarly situated ("Plaintiff"), filed opposition on September 1, 2010 and Defendants filed a reply on September 13, 2010.  For the reasons stated herein, Defendants' Motion to stay this proceeding pending the Supreme Court's decision in *Concepcion* is granted.

**II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On June 19, 2006, Plaintiff filed a Complaint "purporting to represent a class of New Jersey consumers who obtained a Blue Cash [credit] card on or after September 30, 2003, as well as a subclass of New Jersey cardholders who carried a monthly balance on their cards", alleging that Defendants "misrepresented the actual terms of [their] rewards program and failed to award

[Plaintiff] the promised amount of cash back in violation of the New Jersey Consumer Fraud Act." *Homa v. Am. Express Co.*, 558 F.3d 225, 226-227 (3d Cir. 2009). "In September of 2003, AEC started a promotional credit card reward program in which it claimed that users of its Blue Cash credit card could earn up to 5% cash back on purchases made with the card." *Id*. at 226. "On February 8, 2004, AECB issued a Blue Cash credit card to Plaintiff." *Id*. "Upon issuance of the Blue Cash credit card, Defendants mailed Plaintiff a document entitled Agreement Between American Express Credit Cardmember and American Express Centurion Bank ("Agreement") which delineated the terms and conditions governing each cardholder's account." *Id*. at 227. "The Agreement included a provision requiring arbitration of all claims upon election of either party and that specifically required all claims to 'be arbitrated on an individual basis...with no right or authority for any Claims to be arbitrated as a class action' ("class-arbitration waiver")." *Id*. "The Agreement also included a choice-of-law provision indicating that any disputes arising out of the Agreement would be governed by Utah state law." *Id*.

In the United States District Court for the District of New Jersey ("District Court"), Defendants "cited the aforementioned clauses from the Agreement in arguing that Homa should be required to arbitrate his claims on an individual basis... ." *Id*. "Homa, on the other hand, argued that New Jersey law applied because, as the application of Utah law would violate New Jersey's public policy against certain class-arbitration waivers, New Jersey choice-of-law principles dictated that the Agreement's choice of Utah law was invalid." *Id*. In an opinion filed May 31, 2007, United States District Judge Joel A. Pisano granted Defendants' motion to compel arbitration, ordered that this matter proceed to arbitration on an individual basis, and dismissed the case. *See Homa v. Am. Express Co.*, 496 F.Supp.2d 440 (D.N.J. 2007). Defendants appealed. Thereafter, in an opinion filed February 24, 2009, the United States Court of Appeals for the Third Circuit ("Third Circuit")

2

reversed the District Court's order dismissing the case in favor of arbitration and remanded for purposes of discovery related to whether "the claims at issue are of such a low value as effectively to preclude relief if decided individually." *See Homa v. Am. Express Co.*, 558 F.3d 225, 233 (3d Cir. 2009). The Third Circuit specifically recognized that "we must first consider whether the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, precludes this Court from applying state law unconscionability principles to void a class-arbitration waiver. We conclude that it does not. Unconscionability may be applied to invalidate arbitration agreements without contravening the FAA." *Id*. at 226 (citations omitted). Presently, Defendants have filed a Motion to stay this proceeding pending the Supreme Court's decision in *AT&T Mobility, LLC v. Concepcion*, Civil No. 09-893 (*see Laster v. AT&T Mobility, LLC*, 584 F.3d 849 (9th Cir. 2009), *cert. granted sub nom*. *AT&T Mobility, LLC v. Concepcion*, 2010 WL 303962 (2010)).

In *Concepcion*, "Vincent and Liza Concepcion signed a Wireless Service Agreement ("WSA") [in February 2002] with AT&T Mobility ("AT&T")...[that] included both an arbitration clause, which required any disputes to be submitted to arbitration, and a class action waiver clause, which required any dispute between the parties to be brought in an individual capacity." *Laster v. AT&T Mobility, LLC*, 584 F.3d 849, 852-53 (9th Cir. 2009). Thereafter, in December 2006 "AT&T revised the arbitration agreement to add a new premium payment clause...[whereby] AT&T will pay a customer $7,500 if the arbitrator issues an award in favor of a California customer that is greater than AT&T's last written settlement offer made before the arbitrator was selected." *Id*. at 853. Based upon allegations that AT&T fraudulently charged sales tax on cell phones advertised as free, Vincent and Liza Concepcion filed a lawsuit in March 2006 which was subsequently consolidated with "the *Laster* case, a putative class action addressing the same issues." *Id*. "...After the premium payment clause was added, AT&T filed a motion to compel the *Concepcion* plaintiffs to submit their

3

claims to individual arbitration under the revised arbitration agreement." *Id*. "The district court denied the motion...[holding] that the class waiver provision of the arbitration agreement [was] unconscionable under California law and that California unconscionability law [was] not preempted by the FAA." *Id*. AT&T appealed the decision of United States District Judge Dana M. Sabraw. In an opinion filed October 27, 2009, the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") affirmed Judge Sabraw's denial of AT&T's motion to compel arbitration. *Id*. at 859. The Ninth Circuit specifically held that "the Federal Arbitration Act does not expressly or impliedly preempt California law governing the unconscionability of class action waivers in consumer contracts of adhesion...[and that] the FAA does not bar federal or state courts from applying generally applicable state contract law principles and refusing to enforce an unconscionable class action waiver in an arbitration clause." *Id*. at 856 (citations omitted). Subsequently, AT&T filed a Petition for Writ of Certiorari which the Supreme Court granted. *See AT&T Mobility, LLC v. Concepcion*, 2010 WL 303962 (2010). The question presented by AT&T in its appeal is

> Whether the Federal Arbitration Act preempts States from conditioning the enforcement of an arbitration agreement on the availability of particular procedures – here, class-wide arbitration – when those procedures are not necessary to ensure that the parties to the arbitration agreement are able to vindicate their claims.

(Def.'s Decl. of Louis Smith, Ex. A, p. i, dkt. entry no. 61) Currently, *Concepcion* is set down for oral argument before the Supreme Court on November 9, 2010.

    A.    <u>**Defendants' Arguments in Support of the Motion to Stay**</u>

        **1.**    **A stay is warranted because the outcome of *Concepcion* may substantially affect or be dispositive of the issues in this case.**

Defendants note that "the Supreme Court has long recognized that 'the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes

4

on its docket with economy of time and effort for itself, for counsel, and for litigants.'" (Def.'s Br. at 5)(citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936))  Defendants further note that "the Third Circuit has held that 'a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues.'" *Id*. at 5 (*citing Bechtel Corp. v. Local 215 Laborers' Int'l Union of America*, 544 F.2d 1207, 1215 (3d Cir. 1976)).  Based upon the foregoing law and citation to multiple other cases that have been "stayed", Defendants claim that "Courts...will routinely stay matters pending a decision from a higher court in another case" and argue that here, "a stay is warranted" because "the Supreme Court's decision in *Concepcion* may substantially affect or be dispositive of the issues in this case." *Id*. at 6. Specifically, Defendants argue that "the Supreme Court will address whether the FAA preempts the use of state unconscionability principles to invalidate class-arbitration waivers in arbitration agreements" – an issue that was squarely addressed in this case when the Third Circuit previously "rejected Defendants' FAA preemption argument." *Id*. at 6-7 (*see Homa v. Am. Express Co.*, 558 F.3d 225, 228-30 (3d Cir. 2009)).

> **i)   The Third Circuit's stay in *Litman* supports granting a stay in this case.**

Defendants note that after "Judge Wolfson...concluded that New Jersey law was preempted by the FAA, and enforced the class-arbitration waiver..., the Third Circuit vacated Judge Wolfson's ruling" and concluded that "'*Homa* is prior precedent that is directly on point and binding on us'" and "'governs the outcome of this case.'" *Id*. at 7 (*citing Litman v. Cellco Partnership d/b/a Verizon Wireless*, 2010 WL 2017665, *3 (3d Cir. 2010), *vacating* 2008 WL 4507573 (D.N.J. Sept. 29, 2008)). Defendants point out that thereafter, however, "the Third Circuit granted [a] motion to stay the mandate pending the filing of a Petition for a Writ of Certiorari based on the Supreme Court's

5

granting the Petition in *Concepcion*." *Id*. Defendants argue that by granting a stay in *Litman*, "the Third Circuit effectively recognized that the issue before the Court in *Concepcion* is the same issue raised in *Litman* and in *Homa* (because the outcome in *Litman* was entirely controlled by *Homa*)." *Id*. at 8. Defendants note that the "*Homa* decision relied on Ninth Circuit precedent in reaching its conclusion rejecting FAA preemption" (*Id*. at 8)(*see Homa*, 558 F.3d at 230(*citing Lowden v. T-Mobile USA, Inc.*, 512 F.3d 1213, 1221 (9th Cir. 2008)) and further note that the New Jersey Supreme Court's *Muhammad* decision relied extensively on the California Supreme Court decision at issue in *Concepcion* (*Id*.)(*see Muhammad v. County Bank of Rehoboth Beach*, 189 N.J. 1, 12, 16 n.3, 19-23 (2006)(*citing Discover Bank v. Superior Court*, 36 Cal. 4th 148 (2005)). Defendants argue that by granting a stay in *Litman*, the Third Circuit "effectively recognized that there is a reasonable possibility that the Third Circuit's analysis in *Litman* and *Homa* will be rejected by the Supreme Court" and "effectively determined that forcing Verizon to return to proceedings at the District Court before the Supreme Court has an opportunity to act would result in Verizon suffering irreparable harm." *Id*. at 8.

### ii) Recent Supreme Court activity supports granting a stay.

Defendants argue that "recent Supreme Court activity indicates that there is a significant likelihood that *Concepcion* will compel reinstating Judge Pisano's initial decision ordering arbitration on an individual basis." *Id*. at 9. Defendants note that in *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 130 S. Ct. 1758, 1775 (2010), "the Supreme Court held that 'a party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party agreed to do so.'" *Id*. (*citing Stolt-Nielsen*, 130 S. Ct. at 1775) Defendants further note that the Supreme Court "emphasized that 'the central or primary purpose of the FAA is to ensure that private agreements to arbitrate are enforced according to their terms'" and that

"'parties are generally free to structure their arbitration agreements as they see fit.'" *Id*. (*citing Stolt-Nielsen*, 130 S. Ct. at 1773-74)  Separately, Defendants point out that in *American Express Co. v. Italian Colors Restaurant*, 130 S. Ct. 2401 (2010), "the Supreme Court vacated the Second Circuit's decision refusing to enforce AmEx's class-arbitration waiver." *Id*. (*see American Express Co. v. Italian Colors Restaurant*, 130 S. Ct. 2401 (2010), *vacating* 554 F.3d 300 (2d Cir. 2009))  Defendants argue that the foregoing "recent Supreme Court activity strongly indicates that the reasoning of the Third Circuit in *Homa* is flawed, and Judge Pisano's decision to enforce the terms of the arbitration clause as written was correct." *Id*. at 11.

### 2. A stay furthers the interests of judicial economy, avoids potentially needless costs, and causes no prejudice to Plaintiff.

Defendants claim that "courts reason that other factors that may be considered in addressing a stay request include 'the interests of justice and judicial economy, including avoiding inconsistent results, the duplication of efforts, and waste of judicial resources.'" *Id*. (*citing MEI, Inc. v. JCM American Corp.*, 2009 WL 3335866, *4 (D.N.J. Oct. 15, 2009)  Defendants argue that "all of the various factors courts consider in weighing a stay request favor granting a stay in this case." *Id*. Specifically, "if this Court grants a stay and the Supreme Court reverses the Ninth Circuit in *Concepcion*, then the very likely result will be the reinstatement of Judge Pisano's earlier ruling requiring Plaintiff to arbitrate his claim on an individual basis." *Id*.  Oppositely, Defendants claim that "moving forward with this case now that the parties have virtually completed fact discovery will require the parties to address expert discovery, which may include class issues" and thus "Defendants will be significantly prejudiced by being required to spend resources...where class treatment is ultimately found by the Supreme Court to be unavailable and the dispute must be resolved by an arbitrator." *Id*. at 12.  Defendants state that "absent a stay, Plaintiff will file a motion for class

7

certification and Defendants in turn will be required to file their motion for summary judgment" which may result in "a waste of [judicial] resources." *Id*.  Defendants go on to argue that "the granting of the petition in *Concepcion* has called into question the Third Circuit's decision to refuse to enforce the terms of the parties' agreement to arbitrate as written" and that "any final decision regarding arbitration must await that Supreme Court decision" because "if the Court addressed the arbitration question now, it very well may be required to revisit it." *Id*. at 13.  Finally, Defendants claim that "a stay poses no prejudice to Plaintiff" as "fact discovery has essentially been completed and therefore Plaintiff cannot complain that memories will fade or other discovery will become unavailable in the event of a stay." *Id*.  Defendants note that "the Supreme Court has set down the Concepcion matter for [oral] argument on November 9, 2010" and that thereafter "all that will remain is the issuance of the decision." (Def.'s Reply Br. at 1-2)

### 3. Other courts have granted requests for a stay pending the resolution of *Concepcion* by the Supreme Court.

Defendants note that "a District Court granted a stay in *McArdle v. AT&T Mobility, LLC*, 2010 WL 2867305 (N.D. Cal. July 20, 2010) pending the Supreme Court's decision in *Concepcion*" where "the court had previously denied the defendants' motion to compel arbitration, finding a class-arbitration provision to be unconscionable." (Def.'s Br. at 14)  Defendants point out that "in granting defendants' motion, the Court reasoned...[that] 'expert discovery and dispositive motion practice remain ahead, which necessarily would increase Defendants' costs.  Because the viability of prosecuting this case as a class action is in question, it is not apparent that Defendants should bear this additional expense.  In addition, the public interest in the preservation of judicial resources weighs in favor of staying this case.'" *Id*. at 14-15 (*citing McArdle*, 2010 WL at *4).  Defendants also note that "in *Gaspar v. AT&T Mobility, LLC*, Civil Action No. 10-cv-02136 (DSF)(SSx) [(C.D.

8

Cal. June 28, 2010)], ...the Court stayed the case pending the decision in *Concepcion*" and pointed to three reasons for its order: "'given recent Supreme Court jurisprudence, it appears at least somewhat likely that the Ninth Circuit's decision will be reversed; the entire point of an arbitration clause is to free contracting parties from the burden of litigation and if the case were to go forward now and later be found to be arbitrable, Defendant would have suffered the irreparable harm of being forced to litigate in the meantime; and the Court is not inclined to spend resources managing a case that has a reasonably high likelihood of being ordered to arbitration at some point in the future.'" *Id*. at 15 (*citing Gaspar*, Civil Action No. 10-cv-02136 (DSF)(SSx) at 1-2 (*see* Def.'s Decl. of Louis Smith, Ex. D, dkt. entry no. 61)). Defendants argue that the reasoning of *McArdle* and *Gaspar* "are equally applicable here" as "staying this case will save Defendants from potentially unnecessary expenses and prejudice and will conserve judicial resources." *Id*.

      **B.**      **Plaintiff's Arguments in Opposition to the Motion to Stay**

          **1.**      **The *Concepcion* case is unlikely to govern this case.**

In opposition to Defendants' Motion, Plaintiff argues that "the *Concepcion* case addresses the application of state law to class action bans only in the limited circumstances when class treatment is not necessary to ensure that the parties to the arbitration agreement are able to vindicate their claims." (Pl.'s Opp'n Br. at 3) Plaintiff claims "that is not this case," as the Third Circuit made clear that "AmEx's class action ban is unconscionable to the extent that 'the claims at issue are of such a low value as effectively to preclude relief if decided individually.'" *Id*. at 3-4 (*citing Homa v. Am. Express Co.*, 558 F.3d 225, 233 (3d Cir. 2009)). Plaintiff argues that here, the "principal inquiry addressed under New Jersey law is whether consumers will have the 'ability to effectively pursue their statutory rights under New Jersey's consumer protection laws'" so that even if the "Supreme Court agrees with *AT&T Mobility* that states must enforce class action bans in

arbitration clauses when those bans are 'not necessary to ensure that the parties to the arbitration agreement are able to vindicate their claims,' that ruling will not impact the preemption question in this case." *Id*. at 4 (citation omitted by Plaintiff).

### 2. Defendants' reliance on other recent decisions to predict unlikely outcomes in *Concepcion* is misplaced.

Plaintiff argues that Defendants "take liberties with other recent decisions to predict unlikely outcomes in *Concepcion*" – specifically, that Defendants rely "heavily upon the U.S. Supreme Court's decision in *Stolt-Nielsen, S.A. v. AnimalFeeds Int'l Corp*., 130 S. Ct. 1758 (2010) as supposed evidence that the Supreme Court is likely to overturn the Third Circuit's decision in this case in *Concepcion.*" *Id*. at 5. Plaintiff claims that the "*Stolt-Nielsen* case is very unlikely to have any bearing on this case" because "*Stolt-Nielsen* did not involve a challenge to the validity of a class action ban" but rather "only the question of how an arbitrator may construe the terms of an arbitration agreement that is silent on the question of whether a class action is permissible in arbitration." *Id*. Plaintiff points out that "the majority opinion [in *Stolt-Nielsen*] expressly stated that the arbitrators never reached...the plaintiffs' argument that 'the arbitration clause would be unconscionable and unenforceable if it forbade class arbitration'" (*Id*. (*citing Stolt-Nielsen*, 130 S. Ct. at 1768)), thereby supporting the Second Circuit's statement that "'we need not and do not consider *Animal Feeds'* assertion....that class arbitration is necessary to vindicate important statutory rights under the Sherman Antitrust Act.'" (*Id*. (*citing Stolt-Nielsen, S.A. v. AnimalFeeds Int'l Corp*., 548 F.3d 85, 102, n.17 (2d Cir.2008))) Plaintiff argues that *Stolt-Nielsen* is not a case about preemption as "the Supreme Court held that the 'interpretation of an arbitration agreement is generally a matter of state law'" but the normal rule did not govern as "no state law was at issue in that case." *Id*. at 6 (*citing Stolt-Nielsen*, 130 S. Ct. at 1773). Plaintiff further argues that *Stolt-*

10

*Nielsen* "does not affect this case because...the parties there were 'sophisticated, multinational commercial parties.'" *Id*. (*citing Stolt-Nielsen*, 130 S. Ct. at 1769). Plaintiff claims "it is unlikely that state law would have presented a serious issue of enforceability even if it had been raised" as the parties in *Stolt-Nielsen* agreed that "class proceedings were not necessary to vindicate...rights" and "the case presented none of the issues that might arise in the context of consumer contracts of adhesion" – whereas here, the "contract is a classic consumer contract of adhesion." *Id*. Plaintiff believes that Defendants "refuse to credit the Third Circuit's explanation in *Homa v. Am. Express Co.*, 558 F.3d 225, 233 (3d Cir. 2009) that it was distinguishing (not overturning) *Gay v. Creditinform*, 511 F.3d 369 (3d Cir. 2007)." *Id*. at 7. Moreover, Plaintiff believes that Defendants "ignore that the Third Circuit has subsequently held *en banc* that the discussion [Defendants] rely upon in *Gay* was purely dicta." *Id*. at 7 (*see Puleo v. Chase Bank USA, N.A.*, 605 F.3d 172, 177 n.2 (3d Cir. 2010)(*en banc*)). Plaintiff argues that Defendants "read too much into the Supreme Court's vacatur of *In re American Express Merchants Litigation*, 554 F.3d 300 (2d Cir. 2009)" as that case "involved an antitrust dispute between commercial entities" and "did not involve an argument that a class action ban was unconscionable under the state law" – rather, "the Second Circuit held that precluding classwide arbitration under the circumstances was inconsistent with federal law." *Id*. at 7-8.

### 3. A stay is unnecessary and will delay justice.

Finally, Plaintiff argues that a stay is unnecessary in this case and will delay justice, pointing out that the decision in *Fensterstock v. Education Finance Partners*, 611 F.3d 124 (2d Cir. 2010) – where the Second Circuit "applied California law to strike down a class action ban embedded in an arbitration clause where the plaintiffs did argue that the ban would have the effect of barring the plaintiffs from effectively vindicating their rights" – was issued "after the Supreme Court had

11

granted *certiorari* in *Concepcion* and had handed down its decision in *Stolt-Nielsen*." *Id*. at 8. Plaintiff claims that "while there are hundreds of consumer class actions proceeding in courts throughout the U.S., there is no indication that any more than a few of them have been stayed indefinitely pending the outcome of the *Concepcion* case" and that "in cases such as this one, that are years old and where discovery is nearly complete, ...courts have tended not to stay cases." *Id*. In order to support the contention that granting a stay is "an extraordinary remedy" whereby "courts approach each case on its own facts," Plaintiff cites the following cases: *United States v. Stuler*, Civil Action No. 08-273, 2010 U.S. Dist. LEXIS 43338, 2010 BL 99422 (W.D. Pa. May 4, 2010); *Bell v. Alltel Communications, Inc.*, Civil Action No. 08-648, 2008 WL 4646146, 2008 BL 235539 (W.D. Pa. Oct. 17, 2008); *S. Freedman & Co. Inc. v. Raab*, Civil No. 06-3723, 2008 WL 4534069 at *2, 2008 BL 223083 (D.N.J. Oct. 6, 2008); and *Kirleis v. Dickie, McCamey & Chicolte, PC*, Civil Action No. 06-1495, 2007 WL 3023950, 2007 BL 124745 (W.D. Pa. Oct. 12, 2007) *Id*. at 9-10. Plaintiff claims that the cases relied upon by Defendants are "inapplicable to the present matter" because in all cases cited by Defendants, "the issue which is being decided by the appellate court is one that has not already been decided by that Court" – whereas in this case, "the Third Circuit has ruled definitively on the issue of whether a class action ban could be enforced and arbitration compelled." *Id*. at 10. Finally, Plaintiff argues that "given that this case was filed more than four years ago, the prejudice to the consumer Plaintiff and the proposed class of an indefinite further delay is significant." *Id*.

### III. DISCUSSION

It is well-settled that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment,

which must weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)(*citing Kansas City Southern Ry. Co. v. U.S.*, 282 U.S. 760, 763 (1931); *Enelow v. New York Life Ins. Co.*, 293 U.S. 379, 382 (1935)). "Especially in cases of extraordinary public moment, the individual may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted." *Id*. at 256. Specifically, "a United States district court has broad power to stay proceedings." *Bechtel Corp. v. Laborers' International Union*, 544 F.2d 1207, 1215 (3d. Cir. 1976). "In the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *Id*. (*see also American Life Ins. Co. v. Stewart*, 300 U.S. 203, 215 (1937)). However, "it is well settled that before a stay may be issued, the petitioner must demonstrate 'a clear case of hardship or inequity', if there is 'even a fair possibility' that the stay would work damage on another party." *Gold v. Johns-Mansville Sales Corp.*, 723 F.2d 1068, 1075-76 (3d Cir. 1983)(*citing Landis v. North American Co.*, 299 U.S. 248, 255 (1936)).

With respect to class-arbitration waivers, the Third Circuit and the Ninth Circuit have reached similar conclusions – both ruling that the FAA does not preempt/preclude voiding a class-arbitration waiver based upon state law unconscionability principles. *See Homa v. Am. Express Co.*, 558 F.3d 225, 226 (3d Cir. 2009); *Litman v. Cellco Partnership d/b/a Verizon Wireless*, 2010 WL 2017665, *3 (3d Cir. 2010); *see also Laster v. AT&T Mobility, LLC*, 584 F.3d 849, 856 (9th Cir. 2009). It is important to note that on July 7, 2010, the Third Circuit issued a stay in *Litman* after the Supreme Court granted AT&T's Petition for Certiorari in *Concepcion* on May 24, 2010. (Def.'s Decl. of Louis Smith, Ex. B, dkt. entry no. 61) It should also be noted that prior to issuing a stay in *Litman*, when vacating the District Court's ruling compelling arbitration, the Third Circuit

13

specifically stated that "*Homa* is prior precedent that is directly on point and binding on us" and, therefore, because "*Homa* concluded that the FAA does not preempt *Muhammad*... [it] governs the outcome of this case." *Litman v. Cellco Partnership d/b/a Verizon Wireless*, 2010 WL 2017665, *3 (3d Cir. 2010).

Advancing this litigation while the issue of FAA preemption/preclusion with respect to voiding class-arbitration waivers based upon state law unconscionability principles – an identical, and dispositive, issue in *Homa*, *Litman*, and *Concepcion* – is squarely before the Supreme Court may be an exercise in futility. Plaintiff has failed to demonstrate how or why *Concepcion* is unlikely to govern, or at least be acutely instructive, in this case. The Third Circuit made clear in *Homa* that the threshold issue in this matter is "whether the FAA...precludes this Court from applying state law unconscionability principles to void a class-arbitration waiver." *Homa v. Am. Express Co.*, 558 F.3d 225, 226 (3d Cir. 2009). Therefore, if the Supreme Court were to rule that the FAA does act to preempt/preclude the application of state law unconscionability or consumer fraud principles, it may in effect be reversing the Third Circuit and reinstating Judge Pisano's decision in *Homa*.

Even if FAA preemption/preclusion is not a threshold issue in this case, moving forward with the litigation at this time is likely to end with the same result now ordered – a stay. The Third Circuit made clear in *Homa* that "***if*** the claims at issue are of such a low value as effectively to preclude relief if decided individually, then, under *Muhammad*...the class-arbitration waiver is unconscionable." *Id*. at 233 (emphasis added). Similarly, the Ninth Circuit made clear in *Concepcion* that "the premium payment provision" and "the other provisions of AT&T's revised arbitration clause" have no effect on the conclusion that "the actual damages a customer will recover remain predictably small" and therefore "AT&T's class action waiver is...substantively unconscionable." *Laster v. AT&T Mobility, LLC*, 584 F.3d 849, 856 (9th Cir. 2009). Thus, unlike

14

*Concepcion*, whether the claims at issue are of such a low value as to effectively preclude relief if decided individually has yet to be decided in this case. Should the District Court move forward at this time and determine that the claims at issue here are of a predictably low value, this case would reach the same stage as *Concepcion* and likely be governed, or significantly influenced, by the Supreme Court's decision in that case.

With respect to the present application, the Court finds that a stay is the most efficient means to manage this case at this time. Although Plaintiff will suffer a delay in the prosecution of his case, the benefits of a continuance pending the outcome of *Concepcion* outweigh the costs. The Supreme Court's decision may obviate the need for any further litigation in this case by holding that class-arbitration waivers are valid and enforceable based upon the FAA, irrespective of state law unconscionability or consumer fraud provisions. As a result, this case would likely proceed to arbitration; expending additional time and resources of the parties and the Court associated with expert discovery, dispositive motion practice, and class certification would be unnecessary. Similarly, a stay at this point in the litigation will act to prevent the possibility of having any advancement nullified or substantially altered by the outcome of *Concepcion*; redundant resolution of issues by the Court and requiring re-litigation by the parties would be avoided. While the Court recognizes that the Complaint in this case was filed in 2006, failing to grant a stay at this time may in fact prolong, rather than expedite, this litigation. The Court notes that *Concepcion* is currently set down for oral argument before the Supreme Court on November 9, 2010 and expects that a decision will be issued sometime in 2011.

## IV. CONCLUSION AND ORDER

The Court having considered the papers submitted and opposition thereto, and for the reasons set forth above;

**IT IS** on this 18th day of October, 2010

**ORDERED** that Defendants' Motion to stay this proceeding pending resolution of *AT&T Mobility LLC v. Concepcion*, No. 09-893 by the Supreme Court of the United States [dkt. entry no. 61] is **GRANTED**; and it is further

**ORDERED** that counsel for Defendants shall notify the Court within ten (10) days of any disposition of the *Concepcion* matter.

s/ *Douglas E. Arpert*
**DOUGLAS E. ARPERT**
**UNITED STATES MAGISTRATE JUDGE**